IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

TONY E. KANNO,                          )
                                        )
                    Plaintiff,          )
                                        )
v.                                      )     Case No. CIV-09-923-D
                                        )
JUSTICE DEPARTMENT and HOMELAND         )
SECURITY,                               )
                                        )
                    Defendants.         )

### O R D E R

By Order of August 31, 2009, the Court found Plaintiff's *pro se* Complaint to be deficient

under the Federal Rules of Civil Procedure and directed Plaintiff to file an amended pleading that

satisfies Rule 8(a).  On September 14, 2009, Plaintiff filed his Amended Complaint against "Justice

Department" and "Homeland Security."  Upon examination, the Court finds the Amended Complaint

is also deficient and Plaintiff has failed to comply with the August 31 Order.

As previously explained, Rule 8(a) requires that a complaint "contain (1) a short and plain

statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim

showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ."  Fed. R.

Civ. P. 8(a).  To be sufficient, "the statement need only give the defendant fair notice of what the

. . . claim is and the grounds upon which it rests."  *Erickson v. Padrus*, 127 S. Ct. 2197, 2200 (2007)

(internal quotations and citations omitted); *see Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964

(2007).   Here, however, the Amended Complaint contains insufficient information to satisfy

Rule 8(a) and fails to provide fair notice of a justiciable claim.

The Amended Complaint contains no jurisdictional statement.  Plaintiff refers to a federal

lawsuit brought by another person against the United States Attorney General and other officials,

the United States Department of Justice, and the Federal Bureau of Investigation.  *See Hatfill v.*

*Ashcroft*, No. 1:03CV01793, Compl. (D.D.C. Aug. 26, 2003).   The case was brought against

individual federal employees under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), and against

a federal department and agency under the Privacy Act, 5 U.S.C. § 552a(g)(5).   That case is

inapposite to this one, which names no individual defendant and states no claim under the Privacy

Act.   Here, it appears Plaintiff is attempting to assert claims that are barred by the doctrine of

sovereign immunity.

Further, the Amended Complaint, like the original one, alleges that Plaintiff has received a

sentence of the death penalty without a trial in violation of his rights under the Fifth, Sixth and

Fourteenth Amendments to the Constitution.   The relief sought is an injunction "to stop using the

weapons on the domestic drone planes while they continue to use its surveillance and intelligence

gathering capabilities" and an unspecified sum of damages.   *See* Am. Compl. [Doc. No. 8] at 8-9.

Upon review of Plaintiff's allegations, the Court finds that the Amended Complaint fails to state a

claim on which relief can be granted and seeks monetary relief against a defendant who is immune

from such relief.   For this additional reason, the case is subject to dismissal under 28 U.S.C.

§ 1915(e)(2)(B).

Plaintiff has twice failed to plead a jurisdictional basis for this action or a justiciable claim.

Therefore, the Court finds that the action should be dismissed without prejudice to refiling.

Judgment shall be entered accordingly.

IT IS SO ORDERED this  15th   day of September, 2009.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE